UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYMOND LEE GEARHART, | Case No. 16-CV-4035 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DR. HEART, et al. | |
| Defendants. | |
| RAYMOND LEE GEARHART, | Case No. 17-CV-0215 (MJD/LIB) |
| Plaintiff, | |
| v. | |
| DR. HEART, psychiatrist, et al., | |
| Defendants. | |
| RAYMOND LEE GEARHART, | Case No. 17-CV-0507 (MJD/LIB) |
| Plaintiff, | |
| v. | |
| DR. HEART and DR. GABLE, | |
| Defendants. | |
| RAYMOND LEE GEARHART, | Case No. 17-CV-0624 (MJD/LIB) |
| Plaintiff, | |
| v. | |
| DR. HEART, psychologist, et al. | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with provisions of 28 U.S.C. § 636.

Plaintiff Raymond Lee Gearhart is involuntarily committed under 18 U.S.C. § 4246 pursuant to an Order of the United States District Court for the Western District of Missouri.  See, United States v. Gearhart, No. 6:05-CV-3193-MDH (W.D. Mo. filed May 9, 2005).  The Western District of Missouri has received regular risk assessments regarding the danger posed by Gearhart to the community, as required by 18 U.S.C. § 4247(e).  Since the time of his initial commitment, Gearhart has initiated approximately thirty proceedings in both this District (where he is currently confined) and in the Western District of Missouri (where he was previously confined).  Performing an exact count of these proceedings is complicated by the fact that Gearhart is often unclear when filing documents whether he is attempting to prosecute an old proceeding, initiate a new proceeding, litigate an ongoing appeal, or do something else.

The document docketed as the initiating Complaint in Gearhart v. Heart, No. 17-CV-0215 (MJD/LIB) (D. Minn. filed Jan. 23, 2017), is representative.  Although filed as a Complaint and therefore docketed as the initiating pleading in a new civil action, Gearhart references two earlier actions ⸺ one previously started in this District, and another from the Western District of Missouri ⸺ near the caption of the document.  This Court, therefore, cannot be sure whether Gearhart intended this Complaint as an amended pleading in the old cases, or as an initial pleading in a new lawsuit.

Nor is it always entirely clear whether Gearhart intended to file documents docketed as Complaints to be pleadings at all. Again returning to the initiating Complaint docketed in Gearhart, No. 17-CV-0215, the document is a version of the standard form for civil-rights complaints offered to litigants in this District. However, Gearhart also labels the document as a request for *in forma pauperis* ("IFP") status and a motion for a court-appointed attorney. Further complicating matters, Gearhart refers to his claims as arising under both *Bivens*[1] and the statutes governing writs of habeas corpus. Because of the tangle of documents submitted by Gearhart on a near-daily basis — including documents that have been returned to Gearhart due to a lack of understanding as to where or how they should be docketed — it is nearly impossible to tell where one of his lawsuits ends and another begins.

As a formal matter, five lawsuits initiated by Gearhart are currently pending in this District. The first lawsuit, Gearhart v. Heart, No. 16-CV-1923 (MJD/LIB) (D. Minn. filed June 10, 2016), is not a subject of this Recommendation, but a description of that case is nevertheless necessary for disposition of the four lawsuits now before the Court. In that earliest action, Gearhart brought claims against Drs. Heart, Gable, Stanton, and Wakeman at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Although his allegations and claims are not always easy to follow, the gist of Gearhart's Amended Complaint in that action — now the operative pleading in that matter — is that the conditions of his confinement fall below the constitutional standard. Among Gearhart's complaints is that he has been forcibly medicated to an extent that is improper, that he lacks sufficient food, and that he has at times been denied access to the courts. Gearhart was granted

---

[1] See, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

IFP status in that lawsuit to pursue his claims, although the summons and amended complaint have not yet been served, as Gearhart has provided insufficient information for the U.S. Marshals Service to effect service of process.  See, 28 U.S.C. § 1915(d).

Gearhart has more recently initiated four new proceedings in this District.  In each new proceeding, Gearhart has requested IFP status.  Those IFP applications are now before the Court and must be considered before any other action is taken in those matters.  As explained below, none of the IFP applications can be granted, as each of the most recent actions should be dismissed without prejudice.

This Court has already addressed the first of Gearhart's more recent IFP applications, the application filed in Gearhart v. Heart, No. 16-CV-4035 (MJD/LIB) (D. Minn. filed Dec. 1, 2016).  In this action, Gearhart again alleges that his medication has been set at an inappropriate level by doctors at FMC-Rochester  the crux of the earlier action.  Different from the earlier action, however, Gearhart alleges that he has been sexually harassed by unnamed FMC-Rochester officers and detainees and that the FMC-Rochester staff allows these attacks to continue.  This Court previously declined to grant the IFP application filed in that action, instead acknowledging the deficiencies in the Complaint and granting Gearhart leave to submit an Amended Complaint by no later than February 20, 2017.  That deadline has passed with no formal Amended Complaint, although it is not entirely clear whether Gearhart intended any of his subsequent pleadings (discussed below) to act as an Amended Complaint in this action.

Gearhart's next action was initiated with two documents  a civil-rights Complaint, putatively stating claims pursuant to 42 U.S.C. § 1983; and a petition for a writ of habeas corpus, putatively brought under 28 U.S.C. § 2254.  See, Gearhart v. Heart, No. 17-CV-0215 (MJD/LIB)

(D. Minn. filed Jan. 23, 2017). The sole matter raised in these initiating documents concerned the level of medication imposed by the doctors at FMC-Rochester, although another motion filed in that case suggests that Gearhart believes his continuing detention to be unlawful in and of itself.

Gearhart's third lawsuit is much of the same. See, Gearhart v. Heart, No. 17-CV-0507 (MJD/LIB) (D. Minn. filed Feb. 17, 2017). Once more, the central allegation in the Complaint is that Gearhart's level of medication is improper. For the first time, there are also cryptic allegations that Gearhart's medical care has been inadequate in other ways    for example, Gearhart mentions "tooth problems," without expanding upon what those problems may be, when they occurred, or how the Defendants are responsible.

Finally, Gearhart has submitted a pleading that begins on this District's standard civil-rights form document but that continues onto the form document used in this District for habeas corpus petitions brought under § 2254. See, Gearhart v. Heart, No. 17-CV-0624 (MJD/LIB) (D. Minn. filed Feb. 27, 2017). The allegations in this pleading are especially terse, consisting mostly of unconnected phrases such as "medications need lowered," "Dr. Heart abuse," "food rec. showers," and "sexual assault." The bulk of Gearhart's claims duplicate those found in the lawsuits already discussed, although a few, such as "walking problems," appear new to this litigation.

An action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on

which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Because of the nature in which Gearhart has submitted his documents and presented his claims, this Court will address the pleadings as a unified whole rather than on a case-by-case basis (as explained above, it is not entirely clear that Gearhart intended to initiate separate proceedings with each of the above-identified pleadings in any event).

Generally speaking, Gearhart's claims can be separated into three categories: (1) claims in the nature of habeas corpus that his continuing detention is unlawful; (2) claims that the medication regime imposed at FMC-Rochester is improper; and (3) all other claims.

With respect to the habeas corpus claims: Gearhart is held pursuant to a facially valid court Order entered by the Western District of Missouri and affirmed by the Eighth Circuit Court of Appeals. Although habeas corpus relief remains available to Gearhart in some instances, see, 18 U.S.C. § 4247(g), "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy." Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (quotation omitted). In most cases, challenges to the legality of a commitment under § 4246 are more

appropriately brought in the district that ordered detention, not the district in which the detainee is confined.  See, Payen v. Jett, No. 15-CV-0122 (JRT/HB), 2016 WL 3162054, at *4-5 (D. Minn May 16, 2016) (citing Archuleta, 365 F.3d at 648).  This District did not order Gearhart's current confinement, and the initial order of detention is by all appearances valid.  Any requests for release from that confinement premised on a change in circumstances that renders Gearhart's continuing confinement unlawful should be brought in the Western District of Missouri pursuant to § 4247.  That court has received regular (and confidential) updates as to Gearhart's status and is in a better position to evaluate the appropriateness of Gearhart's continuing detention.  Further, Gearhart continues to be represented in the Western District of Missouri by appointed counsel, who can assist Gearhart in seeking relief under § 4247 as necessary and appropriate.

With respect to the medication claims: As explained above, allegations regarding the appropriateness of Gearhart's medical care are the cornerstone of the first lawsuit filed by Gearhart in this District.  That lawsuit, and the claims brought in that lawsuit, remain pending.  As both this Court and the Eighth Circuit Court of Appeals have previously explained to Gearhart, claims may be dismissed pursuant to § 1915(e)(2)(B) where those claims are duplicative of those brought in another pending lawsuit.  See, Gearhart v. Sarrazine, 553 Fed. App'x 659 (8th Cir. 2014) (per curiam).  There is simply no need for Gearhart to prosecute the same causes of action across multiple proceedings.

With respect to the remaining claims: This Court is concerned about the factual allegations pleaded by Gearhart, which include allegations of sexual assault and insufficient nutrition.  That said, Gearhart's pleadings are, at best, fragmentary and difficult to follow.  Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that

the pleader is entitled to relief," more is needed than the terse phrases and suggestions of wrongdoing offered by Gearhart in his pleadings.  Moreover, none of the allegations appear related to the individuals   medical staff or, in one case, the warden of FMC-Rochester   actually named as Defendants to these lawsuits.  "[I]n order to state an actionable *Bivens* civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant *personally* did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights." Irish v. U.S. Dep't of Justice, No. 11-CV-2703 (MJD/JJK), 2011 WL 6968483, at *2 (D. Minn. Nov. 10, 2011) (citing, inter alia, Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001)).  Gearhart has fallen short in this regard.

Ordinarily, this Court would provide Gearhart with an opportunity to amend his pleadings to state a claim on which relief may be granted.  But Gearhart has had several opportunities to raise a viable claim for relief   this Recommendation, after all, relates to four separate lawsuits and at least five documents that could be interpreted as pleadings.  Despite those multiple attempts, Gearhart has failed to state a claim on which relief may be granted (apart from the claims regarding medication, which are going forward in a separate lawsuit).  Accordingly, it is recommended that these actions now be dismissed, albeit without prejudice to Gearhart's right to pursue relief either in ongoing or in future proceedings.

That being said, this Court has authority to control and manage its docket, including by limiting the ability of litigants to file harassing, abusive, meritless, or repetitive litigation. See, In re Tyler, 839 F.2d 1290, 1292-95 (8th Cir. 1988) (citing People of the State of Colorado v. Carter, 678 F. Supp. 1484, 1486 (D. Colo 1986)).  This Court does not believe that Gearhart intends to abuse his right of access to the courts.  Nor does the Court believe that Gearhart is motivated by an intent

to harass the Defendants in pursuing his litigation. Nevertheless, the end result of Gearhart's efforts is a confusing jumble of repetitive litigation approximately thirty proceedings spread across two federal districts, including seven new proceedings in this District filed within less than a year of this Recommendation. The initiating documents in these proceedings are frequently insufficiently pleaded, and even where they are not, Gearhart often opts to file *new* lawsuits containing duplicative allegations, rather than prosecute the lawsuits already pending.

Accordingly, this Court recommends that, in addition to dismissal of the above-referenced lawsuits, Gearhart be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District. Gearhart's propensity to submit lawsuit after lawsuit impairs not only this Court's capacity of adjudicating his claims, but also his own capacity for *prosecuting* his claims; too often, Gearhart turns to opening an entirely new proceeding before continuing with the actions he has already brought, confusing himself in the process. The filing restrictions recommended in this matter will not preclude Gearhart from pursuing meritorious claims for relief or restrict his right of access to the Courts; Gearhart may continue to submit pleadings bearing factual allegations that state a claim on which relief may be granted and which do not duplicate earlier proceedings, and those pleadings will be docketed as normal. Any duplicative or meritless pleadings, however, will be returned to Gearhart prior to docketing with instructions regarding how the deficiencies of that pleading may be corrected.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. These actions be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2. All pending motions be **DENIED AS MOOT**; and

3. Gearhart be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District.

Dated: March 2, 2017                                s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.